IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DRUSILLA McCOOL**                                                                   **PLAINTIFF**

**V.**                                                                    **CAUSE NO. 2:06CV72**

**COAHOMA OPPORTUNITIES, INC.,**
**KATHY McDOUGAL, HEADSTART**
**DIRECTOR; JOHNNY McGLOWN,**
**BOARD CHAIR; MAYO WILSON,**
**EXECUTIVE DIRECTOR; and**
**JIMMIE ANN SELLERS, PERSONNEL**
**DIRECTOR**                                                                    **DEFENDANTS**

**ORDER**

This cause comes before the court on the plaintiff's motion [24] to remand and the defendants' motion [32] to strike the plaintiff's memorandum in support of her motion to remand. The court has reviewed the briefs and submissions and is prepared to rule.

This cause of action was instituted in the Circuit Court of Coahoma County, Mississippi on March 23, 2006, against Coahoma Opportunities Inc. ("COI") and its employees alleging breach of contract resulting in wrongful termination, conversion, negligence, and intentional infliction of emotional distress. On April 26, 2006, the defendants removed the instant action pursuant to 28 U.S.C. §§ 1334 and 1452. The plaintiff alleges that this court does not have subject matter jurisdiction over this action as her claims are grounded solely in Mississippi common law or tort claims, and that these state law tort claims are not related to the Title 11 matters involving debtors nor do they "arise under" Title 11 or "arise in" a Title 11 proceeding. The defendants contend that because the plaintiff's Chapter 13 bankruptcy petition was filed on April 4, 2005, this suit is related to the Title 11 action.

28 U.S.C. § 1334 states in relevant part:

> (a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

*Matter of Wood*, 825 F.2d 90, 92 (5th Cir. 1987). Section 541(a)(1) of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In determining whether a claim brought outside the context of the bankruptcy proceedings themselves is sufficiently "related to" a bankruptcy proceedings, the Fifth Circuit has adopted the following extremely expansive test: "could the outcome of the removed proceedings have any conceivable effect on the estate being administered in bankruptcy." *Wood,* 824 F.2d at 93.

When a debtor petitions for bankruptcy, the petition creates an estate, and all of the debtor's property becomes a part of that estate, including causes of action which belonged to the debtor *at the time the case was commenced*. 11 U.S.C. § 541. *See also Dallas Cabana, Inc. v. Hyatt Corp.*, 441 F.2d 865, 867 n.9 (holding that "[a] 'cause of action' is an asset or a property right of the individual to whom it belongs" and belongs to the bankruptcy estate unless abandoned). This cause of action is clearly an asset of the estate; further, the plaintiff listed this suit as personal property in her bankruptcy petition. This action is sufficiently "related to" the bankruptcy proceeding.

As an alternative basis for remand, the plaintiff also asserts that this Court has the authority to abstain from a case which has been removed to federal court solely because of its

connection to a bankruptcy estate and to remand the case in the interests of justice and comity or out of respect for state law. 28 U.S.C. § 1334(c)(1); 28 U.S.C. § 1452(b). Indeed, if the removed case is merely "related to" a bankruptcy case, the Court is required to abstain and to remand the case. 28 U.S.C. § 1334(c)(2) (stating that "upon timely motion of a party in a proceeding based upon a . . . State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding. . ."). As the instant matter could not have been commenced in this court absent the bankruptcy suit, and a timely motion has been made by the plaintiff, the court finds that this case should be remanded back to the Circuit Court of Coahoma County, Mississippi.

Motion to Strike

The defendants move this court to strike the plaintiff's memorandum in support of her motion to remand as untimely. The plaintiff filed her motion to remand on May 23, 2006, citing legal authorities in her motion. The defendants filed a memorandum of authorities on June 9, 2006, and the plaintiff subsequently filed her memorandum of authorities in support of her motion to remand on July 13, 2006. As the July 13 memorandum was filed fifty-one days after her initial motion was filed and thirty-four days after the defendants filed a response, the memorandum is extremely untimely. As such, the defendants' motion to strike is granted.

In light of the foregoing analysis, the plaintiff's motion [24] to remand is GRANTED and this case in now REMANDED back to the Circuit Court of Coahoma County, Mississippi. The defendants' motion [32] to strike the plaintiff's memorandum of authorities in support of the

3

motion to remand is GRANTED.

This the 28th day of February, 2007.


                                            **/s/ Michael P. Mills**
                                            **UNITED STATES DISTRICT JUDGE**